UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA


UNITED STATES OF AMERICA,      )
                                        )

     Plaintiff,              )
                                          )

     v.                     )      Civil Action No. 13-549
                                          )

FRED D. GODLEY, JR., a/k/a/ Fred D. Godley, Jr.  )
 as Administrator, C.T. A. of the Estate of     )
Fred O. Godley and individually;      )
                                          )

                                          )
GREGORY GODLEY, as former Co-Executor of  )
the Estate of Fred O. Godley and individually;  )
                                          )

                                          )
LISA GODLEY GILSTRAP, as former  )
Co- Executor of the Estate of Fred O. Godley  )
and individually;                 )
                                          )

KIMBERLY GODLEY, as former  )
Co-Executor of the Estate of Fred O. Godley  )
and individually;                 )
                                          )

RODNEY GODLEY as Trustee of  )
the Fred O. Godley Revocable Trust, and  )
individually;                   )
                                          )

MARTHA GODLEY, individually;  )
WILLIAM C. GODLEY, individually;  )
ROBERT  GODLEY, individually;  )
DAVID GODLEY, individually;  )
CATHY GODLEY MATTHEWS, individually;  )
IVY GODLEY BRUCE, individually;  )
MARK GODLEY individually; and  )
PETER GODLEY, individually,  )
                                          )

     Defendants.           )

## **COMPLAINT**

Plaintiff, United States of America, pursuant to 26 U.S.C. § 7401, files this Original

Complaint, and avers as follows:

**NATURE OF ACTION**

1.       This is a civil action pursuant to 26 U.S.C. §§ 7401, 7402, 7403, 7404 and the

Federal Debt Collection Procedure Act (28 U.S.C. § 3001, et. seq.) in which the United States

seeks a judgment against the Estate of Fred O. Godley, for $1,418,665 in unpaid estate taxes,

penalties and interest, as well as judgments against the other Defendants for their liability arising

out of such unpaid estate taxes, under 26 U.S.C. § 6324(a)(2), 31 U.S.C. § 3713, state fiduciary

law, and state fraudulent transfer law.  Additionally, the United States seeks foreclosure of its tax

federal liens against all remaining property or rights to property presently held by the Estate of

Fred O. Godley; and all  property or rights distributed from the Estate that is presently held by

any one of the other defendants.  Finally, the United States seeks to collect a 10% surcharge to

the extent allowed by the Federal Debt Collection Procedures Act.

**JURISDICTION AND VENUE**

2.       This Court has jurisdiction pursuant to 26 U.S.C. § 7402, 7403 7404 and 28

U.S.C. §§ 1340 and 1345.

3.       Venue of this action properly lies in this district pursuant to 28 U.S.C. §§ 1391(b)

and 1396 because the liabilities at issue accrued in this district.  Fred O. Godley (hereafter Mr.

Godley) resided in this district at the time of his death.  Additionally, probate proceedings with

respect to Mr. Godley's Last Will and Testament were initiated in Superior Court of

Mecklenburg County, North Carolina, as Case Nos. 90-E-1323 and 90-E-2832.

## THE PARTIES

4.     Plaintiff is the United States of America.

5.     Defendant Fred D. Godley a/k/a Fred Godley, Jr. (hereafter Fred Jr.) is the son of Mr. Godley and the last Administrator of the Estate of Fred O. Godley (the Estate). He distributed and received property from the Estate, and failed to recover property the Estate had an interest in for the payment of taxes owed to the United States. He is sued in his representative capacity as Administrator of the Estate, and individually.

6.     Defendants Gregory Godley, Lisa Godley Gilstrap, and Kimberly Godley, are grandchildren of Mr. Godley, and the former Co-Executors of his Estate. They distributed and received property from the Estate, and failed to recover property belonging to the Estate to satisfy taxes owed to the United States. They are sued in their representative capacities as Co-Executors of the Estate, and individually.

7.     Defendant Rodney Godley, is a grandchild of Mr. Godley and the Trustee of the Fred O. Godley Revocable Trust (the Trust). He distributed property from the Trust and he received property from the Estate. He is sued in his representative capacity as Trustee of the Trust, and individually.

8.     Defendant Martha Godley is the former spouse of Mr. Godley and received property from the Estate. She is sued in her individual capacity.

9.     Defendant William Godley and Robert Godley are also sons of Mr. Godley and received property from the Estate. They are sued in their individual capacities.

10.     Defendants David Godley, Cathy Godley, Ivy Godley, Mark R. Godley, Peter M. Godley, are also grandchildren of Mr. Godley. They received property from the Estate and are sued in their individual capacities.

3

## FACTUAL BACKGROUND

11.     On May 15, 1989, Mr. Godley established the Fred O. Godley Revocable Trust (the Trust) and funded it with $350,000 in cash.  The Trust was to pay income and principal to Mr. Godley during his life in such amounts as Mr. Godley might direct.  Mr. Godley served as the initial trustee of this Trust.  At Mr. Godley's death the Trust provides that Rodney W. Godley was to serve as the successor trustee, and the Trust was required to pay its income to Martha Godley for the rest of her life with the remainder being distributed to Mr. Godley's grandchildren.

12.     On May 11, 1990, Mr. Godley died.

13.     On May 16, 1990, Mr. Godley's last Will and Testament (Mr. Godley's Will) was filed with Mecklenburg County Superior Court (the "Probate Court").  Mr. Godley's Will named three of his grandchildren as Co-Executors.  They were Kimberly Godley, Lisa Gilstrap, and Gregory Godley.

14.     On October 29, 1990, the Co-Executors filed a 90 Day Inventory Report with the Probate Court reflecting that the Estate had personal property assets worth $2,418,089, but did not include the value of any real estate in this total.

15.     Under North Carolina law, where real property has not been devised under a probated will, title to the land vests in the heirs, and passes outside the administered estate.  If real property is not devised in a probated will and is needed to pay claims, it can be brought into the estate by filing a special proceeding before the Clerk. N.C. Gen. Stat. §§ 28A-15-2, 28A-17-1.

16.     Because Mr. Godley designated Robert Godley and William Godley as the

4

persons entitled to receive all of his real estate (excluding the residence that he owned with Martha Godley and a property he owned with Fred Jr.), title to the following real property passed to Robert and William Godley in equal shares upon the death of Mr. Godley:

| Real Property | Value per Tax Court | 50% Value |
|---|---|---|
| 101 Lawton Rd Charlotte, NC, Mecklenburg County | $251,430 | $125,725 |
| 4820 Rozell's Ferry Rd Charlotte, NC, Mecklenburg County | $190,842 | $65,421 |
| 204 Lawton Rd Charlotte, NC, Mecklenburg County | $80,405 | $40,202 |
| 148 Lawton Rd, Charlotte, NC, Mecklenburg County (east side) | $30,000 | $15,000 |
| Branchill Circle, Echo hills Subdivision, Charlotte NC, Mecklenburg County | $9,450 | $4,725 |
| Old Concord Rd Charlotte, NC, Mecklenburg County | $1,200 | $600 |
| **TOTALS** | **$563,327** | **$281,663** |

17.     On December 31, 1990, Fred Jr., exercised an option to buy Mr. Godley's 50% interest in each of five partnerships for the combined sum of $50,000. Later, the Tax Court determined that these options were really testamentary dispositions and ignored them in valuing the partnership interests at $805,196.

18.     On January 22, 1991, Mr. Godley's Estate filed a Form 4768 with the IRS requesting an extension of time to file its Form 706, Estate Tax Return, and an extension to pay its estate tax.

19.     On February 8, 1991, the IRS granted an extension of time to file the return until

5

August 11, 1991 and an extension of time to pay the tax until February 11, 1992.

20.     On or about July 22, 1991, the Co-Executors filed suit in Superior Court, Mecklenburg County, NC against Fred Jr. and the other heirs of the Estate, including Robert T. Godley, William C. Godley, David Godley, Catherine Godley, Mark Godley, Peter Godley, Rodney Godley and Ivy Godley.

21.     On July 30, 1991, the Co-Executors filed an Annual Accounting for the period of October 1990 through May 31, 1991, reflecting that the probate Estate had $1,858,409.

22.     On August 14, 1991, the IRS received the Estate's Form 706 Estate Tax return. On this return, the Estate elected to use alternate valuation date of November 11, 1990 under Section 2032(a). The Estate reported a total gross estate (including the probate assets listed in the state court inventory as well as non-probate assets required to be included on the return under 26 U.S.C. §§ 2034 through 2042) of $2,424,526 and a taxable estate of $1,423,873.

23.     This gross estate was reported as having the following assets:

| Assets | Reported value | Form 706, Sch. |
|---|---|---|
| Real Estate Parcel #1:<br>101 Lawton Road, Charlotte, N.C. | $208,400 | A |
| Real Estate Parcel #2:<br>4820 Rozelle's Ferry Rd. Charlotte, N.C. | $202,000 | A |
| Real Estate Parcel #3:<br>Vacant Lot, 3.22 acres Black Swamp | $21,650 | A |
| Real Estate Parcel #4:<br>2.06 acres Lawton Rd. | $71,790 | A |
| Real Estate Parcel #5: | $30,000 | A |
| Real Estate Parcel #6: | $9,450 | A |
| Real Estate Parcel #7: | $1,200 | A |

6

| | | |
|---|---:|:--|
| Real Estate Parcel # 8: | $0 | A |
| Stocks & Bonds | $416,192 | B |
| Mortgages, Notes & Cash | $760,679 | C |
| Life Insurance payable to Estate | $52,598 | D |
| Life Insurance payable to:<br>    Robert T. Godley (Son)<br>    Fred D. Godley (Son)<br>    William C. Godley (Son) | $5,072 | D |
| Jointly Owned Property | $164,375 | E |
| Miscellaneous Other Property | $111,573 | F |
| Transfers During Decedent's Life<br>(Fred O. Godley Revocable Trust,<br>Rodney Godley, <u>Trustee</u>) | $369,547 | G |
| Total | $2,424,526 | |

24.     The Estate reported an estate tax liability of $270,737.52.

25.     However, the Estate did not pay any of this tax when it filed its return.  Instead, the Estate elected to defer the payment of part of its taxes under Section 6166 of the Internal Revenue Code over the next 15 years.  As a condition of being allowed this privilege of paying its estate tax debt over time, the statute of limitations for collection of this debt was extended under Section 6503(d) from the time that the election was made until the date that the IRS notified the Estate the election was terminated.  For the portion of the tax that did not qualify for the Section 6166 election and 15 year deferral, the Estate continued to enjoy the February 11, 1992, extension of time to pay that had been previously granted by the IRS.

26.     Accordingly, on September 16, 1991, the IRS assessed the $270,737.52 of estate taxes shown due on the Estate's return, and updated the Estate's account to reflect the Section 6166 election and extension.

7

27.     On February 7, 1992, the Estate filed a second Form 4768 requesting an additional extension of time to pay the non-deferred portion of its tax until August 11, 1992. The request was accompanied by payment of $70,000 which the IRS posted on February 10, 1992. The extension to pay was approved by the IRS.

28.     On April 27, 1992, the Co-Executors and Fred Jr. entered into a settlement agreement in their state court lawsuit acknowledging the existence of unpaid federal estate taxes, the election to defer payment of those taxes under Section 6166, and included Fred Jr.'s agreement to pay any additional taxes that might be owed directly to the IRS, or to indemnify the Estate if it was called upon to pay such taxes. The agreement provided:

> In the event some or all of such taxes apportioned to Fred's interests in closely held businesses are determined by the Internal Revenue Service to be due and payable on a date earlier than the deferred payments determined under § 6166, then after any appeal of such determination, and if necessary, after the petition of such determination to the United States Tax Court and the final decision of the United States Tax Court (or settlement approved by Fred), then Fred shall make payment of the amount of taxes then due, plus interest at the applicable Federal rate for deficiency payments. Fred agrees to indemnify and hold the Executors harmless from any liability to the Internal Revenue Service in connection with the election for the payment of such taxes and interest on a deferred basis or otherwise.

29.     The April 27, 1992, settlement agreement also contained a promise by the following persons to repay the Estate within 60 days of a demand for such payment the following North Carolina Inheritance Taxes advanced for the benefit of: Bill (William Godley) and Bob (Robert Godley) in the amount of $21,220.47; Fred Godley (Fred Jr.) in the amount of $11,511.57; and Godley Grandchildren in the amount of $492.

30.     On August 10, 1992, the Co-Executors filed an Amended Form 706 Estate Tax Return which requested recalculation of the tax deferred under the Section 6166 election, and

8

contained a statement acknowledging the Estate's prior extension to pay until August 11, 1992.

31.    On August 13, 1992, the Estate paid $114,200 to the IRS.

32.    On November 13, 1992, the Estate paid $1,195 to the IRS.

33.    On February 9, 1995, without paying the balance of the original estate tax due, and without setting aside sufficient funds to pay any additional assessment proposed by the IRS, the Co-Executors reported to the Probate Court that they distributed $10,000 in cash from the Estate to John H. White.

34.    On August 2, 1994, the IRS issued a statutory notice of deficiency to the Estate for an additional $696,554 of estate taxes.

35.    On October 3, 1994, the Estate paid $42,480 to the IRS.   This was the last payment made by the Estate on its estate tax debt.  After application of this payment, the Estate's originally reported tax was still underpaid by at least $42,862 without taking into account interest or the additional estate taxes proposed by the IRS.

36.    As of November 14, 1994, the assessed estate tax and assessed interest that remained unpaid was $101,524.  Additional amount of accrued interest on the originally assessed tax also remained unpaid at that time.  Furthermore, the Estate had made no payments on the August 2, 1994 notice of deficiency or its related interest.

37.    On October 31, 1994, the Co-Executors filed a petition in the United States Tax Court challenging the IRS's proposed increase in the estate tax.

9

38. On November 15, 1994, the Co-Executors made the following distributions:

| Asset | Distributee | Value |
|-------|-------------|-------|
| Cash | William C. Godley | $ 105,744.00 |
| Cash | Robert T. Godley | $ 105,744.00 |
| Total | | $ 211,488.00 |

39. On November 22, 1994, the Co-Executors made the following distributions:

| Asset: | Distributee | Value |
|--------|-------------|-------|
| Stock in Godley Development Co. | Cathy Godley | $ 37,650.77 |
| Stock in Godley Development Co. | Gregory Godley | $ 37,650.77 |
| Stock in Godley Development Co. | Lisa G. Gilstrap | $ 37,650.77 |
| Stock in Godley Development Co. | Kimberly Godley | $ 37,650.77 |
| Stock in Godley Development Co. | David Godley | $ 37,650.77 |
| Sock in Godley Development Co. | Peter M. Godley | $ 37,650.77 |
| Stock in Godley Development Co. | Rodney W. Godley | $ 37,650.77 |
| Sock in Godley Development Co. | Ivy Marie Godley | $ 37,650.77 |
| Stock in Godley Development Co. | Mark R. Godley | $ 37,650.77 |
| Total | | $338,856.93 |

40. On December 2, 1994, John H. White acknowledged receipt of the $10,000

distributed to him and signed Receipt, Release and Refunding Agreement that provided, in part:

> described herein, that if any claims, charges or expenses (including but not limited to taxes, court costs, attorneys' fees and fiduciary's commissions) are payable by the personal representative out of the property hereby delivered, the undersigned will, immediately upon demand, pay over the amount thereof to the personal representative or retransfer and redeliver to the personal representative for sale and liquidation such part of the assets delivered herewith as said personal representative may demand.

10

41.    On December 13, 1994, William C. Godley and Robert T. Godley acknowledged receipt of their respective $105,744 distributions by signing separate Receipt, Release and Refunding Agreements that provided, in part:

> The undersigned agrees that in consideration of the distribution of the property described herein, that if any claims, charges or expenses (including but not limited to taxes, court costs, attorneys' fees and fiduciary's commissions) are payable by the personal representative out of the property hereby delivered, the undersigned will, immediately upon demand, pay over the amount thereof to the personal representative or retransfer and redeliver to the personal representative for sale and liquidation such part of the assets delivered herewith as said personal representative may demand.

42.    On December 28, 1994 the Co-Administrators filed a petition to resign as administrators, this petition was also signed by  David Godley, Cathy Godley, Rodney W. Godley, Ivy Godley, Mark R. Godley, Peter M. Godley, William C Godley. The petition noted that there were negotiations with the Internal Revenue Service concerning the valuation of certain property.  The petition also stated that the Estate will require to be opened for an additional 11 years because of its Section 6166 election.

43.    On December 29, 1994, Fred Jr. filed an Application for Probate and Letters of Administration C.T.A, and a Preliminary Inventory showing that the Estate still had probate assets of $443,916 consisting of $259,271 in stocks and bonds and $184,645 in notes, judgements and other debts due to Mr. Godley's Estate.

11

44.     On January 27, 1995, the Co-Executors reported to the Probate Court that they

made the following distributions with the valuations listed below:

| Asset | Distributee | Value |
|---|---|---|
| 50% capital stock in Godley Realty Co. | Fred D. Godley, Administrator, CTA | $225,000 |
| Account Receivable due from Godley Realty Co. | Fred D. Godley, Administrator, CTA | $ 63,212 |
| 25% capital stock in Concrete Panel Systems Inc. | Fred D. Godley, Administrator, CTA | $ 34,271 |
| Account Receivable due from Concrete Panel Systems Inc. | Fred D. Godley, Administrator, CTA | $121,433 |
| Total | | $443,916 |

45.     On January 27, 1995, Fred Jr., acknowledged receipt of the these assets by

signing a Receipt, Release and Refunding Agreement, that provided, in part:

> The undersigned agrees that in consideration of the distribution of the
> property described herein, that if any claims, charges or expenses
> (including but not limited to taxes, court costs, attorneys' fees and
> fiduciary's commissions) are payable by the personal representative out of
> the property hereby delivered, the undersigned will, immediately upon
> demand, pay over the amount thereof to the personal representative or
> retransfer and redeliver to the personal representative for sale and
> liquidation such part of the assets delivered herewith as said personal
> representative may demand.

46.     On March 28, 1995, Fred Jr. filed a 90 Day Inventory with the Probate Court

listing the same assets received on February 9, 1995 and with the same value of $443,916.

47.     Sometime between March 28, 1995 and January 3, 1996, Fred. Jr. distributed the

assets of the Estate valued at $443,916 to himself.

48.     On January 3, 1996, Fred Jr. signed and filed an Annual Accounting for the year

12/29/1994 to 12/29/1995 with the Probate Court showing that none of the assets were held

"Pending US Tax Court Case docket# 19880-94 regarding valuations of housing Ptrshps & 6166 election," and that he had distributed all of the $443,916 in stocks and accounts receivable to himself during the period.

49.     During March and April of 1996, the Tax Court conducted a trial over the Estate's federal estate tax liability.

50.     On March 30, 2001, the Tax Court entered a judgment in favor of the IRS that the Estate owed an additional $247,714 of estate tax.  Attached to this decision was a stipulation acknowledging that the Estate had elected to pay its tax and any deficiency under Section 6166.

51.     On June 29, 2001, the Fourth Circuit Court of Appeals affirmed the Tax Court's decision.  As a result of the Tax Court and Fourth Circuit's decisions, the assets in the gross estate were valued as follows:

| Asset | Reported value | Schedule |
|-------|----------------|----------|
| Real Estate Parcel #1:<br>101 Lawton Road, Charlotte, N.C. | $251,430 | A |
| Real Estate Parcel #2:<br>4820 Rozelle's Ferry Rd. Charlotte, N.C. | $190,842 | A |
| Real Estate Parcel #3:Vacant Lot | $0 | A |
| Real Estate Parcel #4: | $80,405 | A |
| Real Estate Parcel #5: | $30,000 | A |
| Real Estate Parcel #6: | $9,500 | A |
| Real Estate Parcel #7: | $1,200 | A |
| Real Estate Parcel # 8: | $0 | A |
| Stocks & Bonds | $645,502 | B |
| Mortgages, Notes & Cash | $760,679 | C |
| Life Insurance payable to Estate | $52,598 | D |

13

| | | |
|---|---|---|
| Life Insurance payable to:<br>    Robert T. Godley (Son)<br>    Fred D. Godley<br>    William C. Godley (Son) | $5,072 | D |
| Jointly Owned Property | $164,375 | E |
| Miscellaneous Other Property | $869,145 | F |
| Transfers During Decedent's Life (Fred O. Godley Revocable Trust, Rodney Godley, Trustee) | $369,547 | G |
| Total | $3,430,295 | |

52.     On August 1, 2001, the IRS assessed an additional $274,714 in estate tax against the Estate.  Additionally, the Estate still owed at least $42,862 of unpaid tax from the original assessment, as well as interest on both figures from February 11, 1991.

53.     In 2002, Robert and William Godley signed a deed transferring the Branch Hill Circle properties to MA Homes.

54.     On October 3, 2003, the IRS gave the Estate notice that its Section 6166 election had been terminated for non-payment and demanded payment of the full balance due.

55.     On August 29, 2008, William C. and Robert T. Godley signed a deed transferring 204 and 148 Lawton road to Robert T. Godley Family LLC.

56.     On February 9, 2009, Fred Jr. filed a Annual Accounting for the period July 1, 1994 to January 13, 1995 with the Probate Court showing no assets or receipts in the Estate. This report was marked as a Final Report and requested closing the Estate.

57.     On information and belief, the Trust still receives income from the investment of its principal, and such income is distributed to Martha Godley.  On June 12, 2012,  Rodney Godley, filed the Trust's 2011 Federal Income Tax Return (Form 1041) reflecting distributions

14

of income from the Trust to Martha Godley in the amount of $14,973 for the 2011 tax year.

58.     Despite being given and notice and demand for payment, the Estate has refused or neglected to pay the balance of its federal estate tax debt, plus applicable penalties and interest.

59.     On November 26 and 27, 2012, the IRS filed Notices of Federal Tax Liens against the Estate in the property records of Nash County North Carolina, Sampson County North Carolina, Union County North Carolina, Mecklenburg County, North Carolina, Darlington County, South Carolina, and Hanover County, Virginia.

60.     As of September 30, 2013, the unpaid balance on the foregoing estate tax debt, including penalties and interest was $1,418,665.

61.     The statute of limitations for collecting this estate tax debt and any liability of third persons arising out of such debt, is still open because: (a)  it was suspended under Section 6503(d) during the time that the Estate enjoyed extensions of time to pay under 26 U.S.C. § 6161 and 6166; or alternatively, (b) it was suspended under Section 6503(b) because the state court probate proceeding was not closed until February 9, 2009.

**COUNT I**
**Judgment Against the Estate of Fred O. Godley**
**for Estate Taxes, Penalties and Interest**

62.     Despite assessment, notice, and demand for payment, the Estate has neglected, failed or refused to pay the full amount of the estate taxes, penalties and interest owed by the Estate.

63.     Accordingly, pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Fred D. Godley, in his capacity as Administrator of the Estate of Fred O. Godley,

15

is indebted to the United States in the amount of $$1,418,665 as of September 30, 2013, plus

prejudgment and post-judgment interest under 26 U.S.C. § 6601 and 6621 until paid.

64.     Alternatively, to the extent that Gregory J. Godley, Lisa Godley Gilstrap, and

Kimberly E. Godley were not replaced as executors of the Estate when Fred Jr. was appointed

Administrator, CTA, the United States is entitled to a judgment against them in their capacity as

Co-Executors of the Estate of Fred O. Godley in the amount of $1,418,665 as of September 30,

2013, plus prejudgment and post-judgment interest under 26 U.S.C. § 6601 and 6621 until paid.


### COUNT II
### Foreclosure of Tax Liens
### Against Remaining Property of the Estate

65.     On September 16, 1991, the IRS assessed the $270,737.52 of estate tax reported

due and owing by the Estate.

66.     Although the Estate made some payments towards this liability, $42,862 of this

original tax assessment remained unpaid on November 14, 1994.  By that time, the IRS had

assessed additional interest on the unpaid balance - leaving $101,534 of assessed tax and interest

unpaid and owing on November 14, 1994.   Because the Estate made no payments after

November 14, 1994, this unpaid portion of the original assessment remains unpaid today and

continues to accrue statutory interest.

67.     On August 1, 2001, the IRS assessed an additional $274,714 in estate tax against

the Estate.  No payments have been made against this additional tax assessment and it continues

to accrue interest.

68.     By virtue of the failure of the Estate to pay these federal estate tax assessments in

16

full, statutory liens arose in favor of the United States under 26 U.S.C. §§ 6321 and 6322 as of the dates of assessment, and in amounts equal to the unpaid assessments, plus statutory interest and penalties. Said liens attached to all property and rights to property of the Estate.

69.     Additionally, on November 26 and 27, 2012, the United States recorded a Notices of Federal Tax Lien against the Estate in the property records of Nash County North Carolina, Sampson County North Carolina, Union County North Carolina, Mecklenburg County, North Carolina, Darlington County, South Carolina, and Hanover County, Virginia.

70.     The United States has valid tax liens against any property or rights to property remaining in the Estate, including any rights of recovery, Refunding Agreements or causes of action.

71.     Accordingly, pursuant to 26 U.S.C. § 7403, the United States is entitled to a judgment enforcing and foreclosing its federal tax liens against any and all remaining rights to property of the Estate in order to pay the unpaid federal estate taxes, penalties and interest.


**COUNT III**
**Foreclosure of Tax Liens**
**Against Property Distributed to Fred D. Godly and the Grandchildren**

72.     On September 16, 1991, the IRS assessed the $270,737.52 of estate tax reported due and owing by the Estate.

73.     Although the Estate made some payments towards this liability, $42,862 of this original tax assessment remained unpaid on November 14, 1994. By that time, the IRS had assessed additional interest on the unpaid balance - leaving of $101,534 of assessed tax and interest unpaid and owing on November 14, 1994. Because the Estate made no payments after

17

November 14, 1994, this unpaid portion of the original assessment remains unpaid today and continues to accrue statutory interest.

74.     By virtue of the failure of the Estate to pay its originally reported federal estate tax and related interest assessments in full, statutory lien arose in favor of the United States under 26 U.S.C. §§ 6321 and 6322 as of the date of the assessments, and in amounts equal to the unpaid assessments, plus statutory interest and penalties.  Said lien attached to all property and rights to property of the Estate.

75.     On November 22, 1994, the Co-Executors distributed the Estate's shares of stock in Godley Development Company constituting 50% of the ownership of that entity to Cathy Godley Matthews, Gregory J. Godley, Lisa G. Gilstrap, Kimberly E. Godley, David Godley, Peter Mitchell Godley, Rodney W. Godley, Ivy Marie Godley and Mark R. Godley (collectively, the Grandchildren).

76.     Additionally, sometime between March 28, 1995 and January 3, 1996, Fred Jr. caused the Estate to distribute certain assets to himself, including but not limited to:

> 50%  capital stock in Godley Realty Co.;
> Account Receivable due from Godley Realty Co.;
> 25% capital stock in Concrete Panel Systems Inc.; and
> Account Receivable due from Concrete Panel Systems Inc.

77.     All of the foregoing property and rights to property were encumbered by the statutory tax lien at the time of distributions to Fred Jr. and the Grandchildren.  This statutory tax lien remains attached to said property or any proceeds thereof until the tax is paid or the time to collect it has expired.

78.     Accordingly, pursuant to 26 U.S.C. § 7403, the United States is entitled to a judgment enforcing and foreclosing its federal tax lien against the above described property that

18

was distributed to the Grandchildren and to Fred Jr., or proceeds thereof.

## COUNT IV
### Judgment Against Gregory J. Godley, Lisa Godley Gilstrap, and Kimberly E. Godley, Individually, for Fiduciary Liability Under 31 U.S.C. § 3713 and State Law

79.     By November 14, 1994, Co-Executors, Gregory J. Godley, Lisa Godley Gilstrap, and Kimberly E. Godley, knew or should have known that $101,534 of the original $270,737 estate tax reported due by the Estate on its return, plus applicable interest had not been paid. They also knew or should have known that on August 2, 1994, the IRS had issued a notice of deficiency to the Estate that proposed to assess the Estate with $696,554 of additional estate tax.

80.     Thereafter, on February 9, 1995, without paying the balance of the original estate tax due, and without setting aside sufficient funds to pay any additional assessment proposed by the IRS, the Co-Executors reported to the Probate Court that they distributed $211,488 of the Estate's cash to William and Robert Godley; and $10,000 to John White.   Additionally, on November 22, 1994, the Co-Executors distributed $338,856 of the Estate's stock in Godley Development Company to themselves and six of their fellow grandchildren.  These distributions rendered the Estate insolvent.

81.     The foregoing conduct constitutes a failure by the Co-Executors to comply with 31 U.S.C. § 3713.

82.     31 U.S.C. § 3713(a), provides that a claim of the United States shall be paid first when a person is indebted to the government is insolvent, or the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor.

83.     In addition, personal liability of the executor or trustee arises under 31 U.S.C. §

Case 3:13-cv-00549   Document 1   Filed 09/27/13   Page 19 of 35

3713(b), which provides: "A representative of a person or an estate (except a trustee acting under title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government."

84. Additionally, despite having rendered the Estate insolvent, the Co-Executors impermissibly attempted to delegate their state law fiduciary duty to correct the insolvency when they turned the reported $443,916 balance of the Estate's assets over to Fred Jr., as Administrator, C.T.A., instead of paying part of the liability, or exercising the Estate's rights to recover property sufficient to pay the taxes.

85. The Co-Executors failed to bring an action under N.C. Gen. Stat. §§ 28A-17-1 and 28A-17-2 to recover the $563,377 value of the real estate that passed to William C. Godley and Robert T. Godley by operation of law in order pay the outstanding federal estate tax debt.

86. The Co-Executors also failed to enforce the Estate's right to enforce Refunding Agreements for $443,916 of assets distributed to Fred Jr., $211,488 in cash distributed to William C. Godley and Robert T. Godley, and $10,000 in cash distributed to John H. White.

87. Finally, the Co-Executors failed to enforce the Estate's right under the April 27, 1992 settlement agreement to demand full payment From Fred Jr. of any additional taxes owed by the Estate as a result of the notice of deficiency and Section 6166 election. They also failed to enforce the Estate's right under that settlement agreement to demand repayment of North Carolina Inheritance Taxes advanced to Fred. Jr. in the amount of $11,511 and to William Godley and Robert Godley in the amount of $21,220.

88. Under North Carolina law, an executor's failure to preserve sufficient assets to pay the tax liabilities of the Estate or pay those tax debts in accordance with the priorities

20

established under North Carolina Probate law constitutes a breach of the executor's statutory and fiduciary duties, and subjects him to individual liability to the United States. Additionally, an executor's failure to recover real estate or other assets to pay costs of administration or debts of the Estate or decedent, constitutes a breach of fiduciary duty. N.C. Gen. Stat. §§ 28A-13-2 and 28A-13-10; *Allen v. Currie*, 254 N.C. 636, 119 S. E. 2d 917 (N.C. 1961) (discussing executor's fiduciary liability to creditors).

89.     Accordingly, the United States is entitled to a judgment that Gregory J. Godley, Lisa Godley Gilstrap, and Kimberly E. Godley are jointly and severally liable to the United States in their individual capacities under 31 U.S.C. § 3713(b) in the amount of $560,344 for distributions they made or allowed to be made from the Estate without first paying the unpaid federal estate taxes. The United States is also entitled to prejudgment and post-judgment interest on this amount as allowed by law until paid.

90.     The United States is also entitled to a judgment that Gregory J. Godley, Lisa Godley Gilstrap, and Kimberly E. Godley are jointly and severally liable to the United States in their individual capacities under North Carolina law for breach of fiduciary duty in an amount that exceeds the Estate's unpaid federal estate tax liability of $1,418,665 as of September 30, 2013, for distributions they made or allowed to be made from the Estate without first paying the unpaid federal estate taxes, and for failure to enforce rights of the Estate to recover assets that could have been used to pay the unpaid federal estate tax. The United States is also entitled to prejudgment and post-judgment interest as allowed by law until paid.

## COUNT V
## Judgment Against Fred D. Godley, Individually,
## For Fiduciary Liability Under 31 U.S.C. § 3713 and State Law

91.    On February 9, 1995, the co-administrators reported to the Probate Court that the balance of the assets of the Estate, valued at $443,916, were distributed to Fred Jr. as Administrator C.T.A.

92.    At the time Fred Jr. became Administrator of the Estate, he knew or should have known that over $101,534 of the original $270,737 estate tax reported due by the Estate on its return had not been paid.  Additionally, Fred Jr. knew or should have known that on August 2, 1994, the IRS had issued a notice of deficiency to the Estate that proposed to assess the Estate with $696,554 of additional estate tax.

93.    Sometime between March 28, 1995 and January 3, 1996, without paying the balance of the original estate tax due, and without setting aside sufficient funds to pay the additional assessment proposed by the IRS, Fred Jr. caused the Estate to distribute all of its remaining assets, previously valued at $443,916, to himself, thereby rendering the Estate insolvent or making it further insolvent.

94.    The foregoing conduct constitutes a failure by Fred. Jr. to comply with 31 U.S.C. § 3713.

95.    31 U.S.C. § 3713(a), provides that a claim of the United States shall be paid first when a person is indebted to the government is insolvent, or the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor.

96.    In addition, personal liability of the executor or trustee arises under 31 U.S.C. § 3713(b), which provides: "A representative of a person or an estate (except a trustee acting under

22

title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government."

97. Additionally, by August 1, 2001, Fred Jr. knew or should have known that the estate tax liability had been resolved by the courts, and that there was a large unpaid balance of additional taxes and interest owed.

98. By October 1, 2003, Fred Jr. knew or should have known that the Estate had failed to make its Section 6166 installment payments and that the IRS had terminated that election.

99. However, despite the foregoing knowledge of the large unpaid estate tax debt, Fred Jr. failed to enforce the Estate's right to bring an action under N.C. Gen. Stat. §§ 28A-17-1 and 28A-17-2 to recover the $563,377 value of the real estate that passed to William C. Godley and Robert T. Godley by operation of law in order pay the outstanding federal estate tax debt.

100. Fred Jr. also failed to enforce the Estate's right to recover under the Refunding Agreements for $443,916 of assets distributed to himself; for $211,488 in cash distributed to William C. Godley and Robert T. Godley; and for the $10,000 in cash distributed to John H. White.

101. Fred Jr. also failed to enforce the Estate's right under the April 27, 1992 state court settlement agreement to demand payment from himself individually for the additional taxes assessed by the IRS and the Section 6166 election. Finally, Fred Jr. failed enforce the Estate's right under that settlement agreement to demand repayment of North Carolina Inheritance Taxes advanced to himself in the amount of $11,511 and to William Godley and Robert Godley in the amount of $21,220.

23

102.    Under North Carolina law, an executor's failure to preserve sufficient assets to pay the tax liabilities of the Estate or pay those tax debts in accordance with the priorities established under North Carolina Probate law constitutes a breach of the executor's statutory and fiduciary duties, and subjects him to individual liability to the United States.  Additionally, an executor's failure to recover real estate or other assets to pay costs of administration or debts of the Estate or decedent, constitutes a breach of fiduciary duty.  N.C. Gen. Stat. §§ 28A-13-2 and 28A-13-10; *Allen v. Currie*, 254 N.C. 636, 119 S. E. 2d 917 (N.C. 1961) (discussing executor's fiduciary liability to creditors).

103.    Accordingly, the United States is entitled to a judgment that Fred Jr. is personally liable to the United States under 31 U.S.C. § 3713(b) in the amount of $443,916 for distributions in violation of Section 3713, plus prejudgment and post-judgment interest thereon as allowed by law until paid.

104.    The United States is also entitled to a judgment that Fred Jr. is personally liable to the United States under North Carolina law for breach of fiduciary duty in the amount of $1,418,665, as of September 30, 2013, for distributions made from the Estate without first paying the unpaid federal estate taxes, and for failure to enforce rights of the Estate to recover assets that could have been used to pay the unpaid federal estate tax, plus prejudgment and post-judgment interest thereon as allowed by law until paid.

24

**COUNT VI**

**Judgment Against Fred D. Godley, Robert T. Godley, William C. Godley, Cathy Godley, Gregory Godley, Lisa G. Gilstrap, Kimberly Godley, David Godley, Peter M. Godley, Rodney W. Godley, Ivy Marie Godley, and Mark R. Godley, Individually, under Sections 7402, 7404 and for State Law Fraudulent Transfer Liability**

105.    The United States' claim for federal estate taxes arose at the moment of Mr. Godley's death on May 11, 1990, and although part of this claim was unliquidated until August 1, 2001, the United States was at all times, and still is, a present creditor of the Estate for purposes of N.C. Gen. Stat. § 39-23-5.

106.    By November 14, 1994, the assessed estate tax and assessed interest that remained unpaid was $101,524.  Additional amount of accrued interest on the originally assessed tax also remained unpaid at that time.  Moreover, on August 2, 1994, the IRS issued a notice of deficiency to the Estate that proposed to assess the Estate with $696,554 of additional estate tax.

107.    Thereafter, on November 15, 1994, without paying the balance of the original estate tax due, and without setting aside sufficient funds to pay the additional assessment proposed by the IRS, the Co-Executors distributed $211,488 of the Estate's cash to William and Robert Godley.   Additionally, on November 22, 1994, the Co-Executors distributed $338,856 of the Estate's stock in Godley Development Company to themselves and six of their fellow grandchildren.

108.    The foregoing transfers were made without the Estate receiving reasonably equivalent value in exchange for the transfers, and were made at a time when the Estate was insolvent or the transfers rendered it insolvent

109.    On January 25, 1995, the Co-Executors distributed the $443,916 balance of the assets of the Estate to Fred Jr. as Administrator C.T.A.

25

110.    Sometime between March 28, 1995 and January 3, 1996, while the Estate was still insolvent, and without paying the balance of the original estate tax due or setting aside sufficient funds to pay any part of the additional assessment proposed by the IRS, Fred Jr. caused the Estate to distribute the following assets to himself:

| Asset | Value |
|---|---|
| 50% capital stock in Godley Realty Co. | $225,000 |
| Account Receivable due from Godley Realty Co. | $63,212 |
| 25% capital stock in Concrete Panel Systems Inc. | $34,271 |
| Account Receivable due from Concrete Panel Systems Inc | $121,433 |
| Total | $443,916 |

111.    The foregoing transfers were made to Fred Jr., individually, without the Estate receiving reasonably equivalent value in exchange for the transfers, and were made at a time when the Estate was insolvent or the transfers rendered it insolvent.

112.    Accordingly, each of these transfers were fraudulent as to the United States under N.C. Gen. Stat. §§ 39-23-4 and 5, and the United States is entitled to all of the remedies set forth under N.C. Gen. Stat. § 39-23.7, including:

(1)    Avoidance of the transfer or obligation to the extent necessary to satisfy the United States' claim;

(2)    An attachment or other provisional remedy against the assets transferred or other property of the transferee in accordance with the procedure prescribed by Article 35 of Chapter 1 of the General Statutes;

(3)    Subject to applicable principles of equity and in accordance with applicable rules of civil procedure,

a.    An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

26

        b.      Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or

        c.      Any other relief the circumstances may require.

(4)    Subject to court order, and after obtaining a judgment against the Estate for its claim, levy execution on the transferred asset or its proceeds.

113.    Pursuant to N.C. Gen. Stat. § 39-23-8(b)(1), the United States is further entitled to judgments of personal liability against the following defendants in their individual capacities, plus prejudgment and post-judgment interest as allowed by law until paid:

| | |
|---|---|
| Robert T. Godley | $105,744.00 |
| William C. Godley | $105,744.00 |
| Cathy Godley | $37,650.77 |
| Gregory Godley, | $37,650.77 |
| Lisa G. Gilstrap | $37,650.77 |
| Kimberly Godley | $37,650.77 |
| David Godley | $37,650.77 |
| Peter Mitchell Godley | $37,650.77 |
| Rodney William Godley | $37,650.77 |
| Ivy Marie Godley | $37,650.77 |
| Mark Robert Godley | $37,650.77 |
| Fred Godley, Jr. | $443,916.00 |

## COUNT VII
### Judgment Against Fred O. Godley Revocable Trust
### (Rodney W. Godley Trustee) for Liability under Section 6324(a)(2)

114.    The Estate has not fully paid its estate tax liability.

115.    As of May 11, 1990, the date of Fred O. Godley's death, Rodney Godley, in his

27

capacity as Trustee of the Fred O. Godley Revocable Trust held property that was required to be included in the gross estate under Sections 2034 through 2042 of Title 26.

116.   Such assets consisted of the following property listed on Schedule G of the estate tax return:

| Description | Value as Reported |
| --- | --- |
| Fred O. Godley Revocable Trust UA 05/15/1989 Prudential-Bache Securities A/C #xxx-xxxxx7-10 | $369,547 |

117.   By operation of 26 U.S.C. § 6324(a)(2), Rodney Godley, in his capacity as Trustee of the Trust, automatically became liable to the United States for the lesser of: (i) the Estate's unpaid estate tax, plus its applicable penalties and interest; or (ii) the value of the non-probate property (included in the gross estate under Sections 2034 through 2042) held or received plus interest on such amount under Section 6601 from the date such property was received until paid.  *See*, *Baptiste v. Commissioner*, 29 F.3d 1533 (11th Cir. 1994).

118.   The Trust's $369,547 liability under Section 6324(a)(2) to the United States, plus applicable interest from May 11, 1990, through September 30, 2013, exceeds the amount of the Estate's unpaid estate taxes and penalties.

119.   Accordingly, the United States is entitled to a judgment that Rodney Godley, in his capacity as Trustee of the Fred O. Godley, Revocable Trust is liable to the United States under 26 U.S.C. § 6324(a)(2) for an amount equal to the Estate's unpaid estate tax, penalties and interest, which is $$1,418,665 as of September 30, 2013, plus prejudgment and post-judgment interest thereon under 26 U.S.C. §§ 6601 and 6621 until paid.

28

## COUNT VIII
## Judgment Against Martha Godley
## For Liability under Section 6324(a)(2)

120.     The Estate has not fully paid its estate tax liability.

121.     As of May 11, 1990, the date of Fred O. Godley's death, Martha Godley held or received property that was required to be included in the gross estate under Sections 2034 through 2042 of Title 26.

122.     Such assets consisted of the following property listed on Schedule E of the estate tax return:

| Description | Value as Reported |
|---|---|
| NCNB checking A/C# xxxxx6341 | $116,347 |
| NCNB money market A/C# xxxxx1677 | $20,289 |
| 9317 Stanborough Court Charlotte, NC 28213 | $182,190 |
| 1989 Oldsmobile 88 Royale | $9,925 |
| Total | $328,751 |
| 50% included in gross estate | $164,375 |

123.     By operation of 26 U.S.C. § 6324(a)(2), Martha Godley automatically became liable to the United States for the lesser of: (i) the Estate's unpaid estate tax, plus its applicable penalties and interest; or (ii) the value of the non-probate property (included in the gross estate under Sections 2034 through 2042) held or received plus interest on such amount under Section 6601 from the date such property was received until paid.  *See*, *Baptiste v. Commissioner*, 29 F.3d 1533 (11th Cir. 1994).

124.     Martha Godley's $164,375 liability under Section 6324(a)(2) to the United States, plus applicable interest from May 11, 1990, through September 30, 2013, is $808,287

29

which is less than the Estate's liability for unpaid estate taxes, penalties.

125.    Accordingly, the United States is entitled to a judgment that Martha Godley is personally liable to liable to the United States under 26 U.S.C. § 6324(a)(2) for $808,287 as of September 30, 2013, plus additional prejudgment and post-judgment interest thereon under 26 U.S.C. §§ 6601 and 6621 until paid.


## COUNT IX
### Judgement Against Fred D. Godley, Robert T. Godley and William C. Godley, Individually, for Liability under Section 6324(a)(2)

126.    The Estate has not fully paid its estate tax liability.

127.    As of May 11, 1990, the date of Mr. Godley's death, Fred D. Godley, Robert T. Godley and William C. Godley held or received property that was required to be included in the gross estate under Sections 2034 through 2042 of Title 26.

128.    Such assets consisted of the following property listed on Schedule D of the estate tax return:

| Description | Value as Reported |
|---|---|
| Life Insurance proceeds payable to Fred D., Robert T. and William C. Godley. | $5,072 |
| 1/3 to Fred D. Godley | $1,690 |
| 1/3 to Robert T. Godley | $1,691 |
| 1/3 to William C. Godley | $1,691 |

129.    By operation of 26 U.S.C. § 6324(a)(2), Fred D., Robert T. Godley and William C. Godley automatically became liable to the United States for the lesser of: (i) the Estate's unpaid estate tax, plus its applicable penalties and interest; or (ii) the value of the non-probate

30

property (included in the gross estate under Sections 2034 through 2042) that they held or received plus interest on such amount under Section 6601 from the date such property was received until paid. *See*, *Baptiste v. Commissioner*, 29 F.3d 1533 (11th Cir. 1994).

130. Fred D., Robert T. and William C. Godley's respective $1,691 liabilities under Section 6324(a)(2) to the United States, plus applicable interest from May 11, 1990, through September 30, 2013, are each $8,315, and are less than the unpaid estate taxes, penalties.

131. Accordingly, the United States is entitled to a judgment that Fred D. Godley, is personally liable to liable to the United States under 26 U.S.C. § 6324(a)(2) for $8,315 as of September 30, 2013, plus additional prejudgment and post-judgment interest thereon under 26 U.S.C. §§ 6601 and 6621 until paid

132. The United States is also entitled to a judgment that Robert T. Godley is personally liable to liable to the United States under 26 U.S.C. § 6324(a)(2) for $8,315 as of September 30, 2013, plus additional prejudgment and post-judgment interest thereon under 26 U.S.C. §§ 6601 and 6621 until paid.

133. Additionally, the United States is entitled to a judgment that William C. Godley is personally liable to the United States under 26 U.S.C. § 6324(a)(2) for $8,315 as of September 30, 2013, plus additional prejudgment and post-judgment interest thereon under 26 U.S.C. §§ 6601 and 6621 until paid.

## COUNT X
## Ten Percent Surcharge for Costs of Collection

134. In the event that the United States is required to avail itself of the prejudgment or post-judgment relief as set forth in Subchapter B or C of the Federal Debt Collection

31

Procedure Act, 28 U.S.C. §§3001 et. seq., 28 U.S.C. § 3011 entitles the United States to recover a surcharge of 10% of the amount of the debt in order to cover the cost of processing and handling the litigation and enforcement of the foregoing claims for a debt.

## PRAYER / REQUEST FOR RELIEF

FOR THESE REASONS, the United States requests that the Court, Order, Adjudge and Decree:

A.      That the Fred D. Godley, as Administrator of the Estate of Fred O. Godley, is indebted to the United States in the amount of $1,418,665, as of September 30, 2013, plus prejudgment and post-judgment interest under 26 U.S.C. § 6601 and 6621 until paid;

B.      That all remaining property and rights to property of the Estate of Fred O. Godley:

        (1) are subject to valid tax liens in favor of the United States;

        (2) that said liens should be foreclosed and the properties be sold in accordance with the law and practice of this Court; and

        (3) that the proceeds of such sale be distributed in accordance with the findings of the Court and the rights of the parties;

C.      That the Estate of Fred O. Godley's interest in the stock of Godley Development Company which was distributed to Cathy Godley Matthews, Gregory J. Godley, Lisa G. Gilstrap, Kimberly E. Godley, David Godley, Peter M. Godley, Rodney W. Godley, Ivy Marie Godley and Mark R. Godley:

        (1) is subject to valid tax liens in favor of the United States;

        (2) that said liens should be foreclosed and the properties be sold in accordance

32

with the law and practice of this Court; and

(3) that the proceeds of such sale be distributed in accordance with the findings of the Court and the rights of the parties;

D.     That Estate of Fred O. Godley's interest in the capital stock of Godley Realty Co., the Account Receivable due from Godley Realty Co., the capital stock in Concrete Panel Systems Inc., and the  Account Receivable due from Concrete Panel Systems Inc., which were distributed to Fred D. Godley:

(1) are subject to valid tax liens in favor of the United States;

(2) that said liens should be foreclosed and the properties be sold in accordance with the law and practice of this Court; and

(3) that the proceeds of such sale be distributed in accordance with the findings of the Court and the rights of the parties;

E.     That Gregory J. Godley, Lisa Godley Gilstrap, and Kimberly E. Godley are jointly, severally and personally liable to the United States under 31 U.S.C. § 3713(b) in the amount of $560,344 plus prejudgment and post-judgment interest on this amount as allowed by law until paid;

F.     That Gregory J. Godley, Lisa Godley Gilstrap, and Kimberly E. Godley are jointly, severally and personally liable to the United States under North Carolina law for breach of fiduciary duty in the amount of $1,418,665, as of September 30, 2013, plus prejudgment and post-judgment interest as allowed by law until paid;

G.     That Fred D. Godley, is personally liable to the United States under 31 U.S.C. § 3713(b) in the amount of $443,916, plus prejudgment and post-judgment interest thereon as allowed by law until paid;

33

H.     That Fred D. Godley is personally liable to the United States under North

Carolina law for breach of fiduciary duty in the amount of $1,418,665, as of September 30,

2013, plus prejudgment and post-judgment interest thereon as allowed by law until paid;

I.     That Robert T. Godley and William C. Godley are each separately and

personally liable to the United States under N.C. Gen. Stat. § 39-23-8(b)(1), in the amounts

of $105,744, plus prejudgment and post-judgment interest as allowed by law until paid;

J.     That Cathy Godley Matthews, Gregory J. Godley, Lisa G. Gilstrap, Kimberly

E. Godley, David Godley, Peter M. Godley, Rodney W. Godley, Ivy Marie Godley and Mark

R. Godley are each separately and personally liable to the United States under N.C. Gen.

Stat. § 39-23-8(b)(1) in the amounts of $37,650.77, plus prejudgment and post-judgment

interest as allowed by law until paid;

K.     That Fred O. Godley is personally liable to the United States under N.C. Gen.

Stat. § 39-23-8(b)(1) in the amount of $443,916.00,  plus prejudgment and post-judgment

interest as allowed by law until paid;

L.     That Rodney Godley, in his capacity as Trustee of the Fred O. Godley,

Revocable Trust, is liable to the United States under 26 U.S.C. § 6324(a)(2) in the amount of

$1,418,665, as of September 30, 2013, plus prejudgment and post-judgment interest thereon

under 26 U.S.C. §§ 6601 and 6621 until paid;

M.     That Martha Godley is personally liable to liable to the United States under 26

U.S.C. § 6324(a)(2) the amount of  $808,287, as of September 30, 2013, plus additional

prejudgment and post-judgment interest thereon under 26 U.S.C. §§ 6601 and 6621 until

paid;

N.     That Fred D. Godley, Rodney T. Godley and William C. Godley are each

34

separately and personally liable to liable to the United States under 26 U.S.C. § 6324(a)(2) in the amounts of $8,315, as of September 30, 2013, plus additional prejudgment and post-judgment interest thereon under 26 U.S.C. §§ 6601 and 6621 until paid;

O.     That the United States is entitled to the 10% litigation surcharge set forth in 28 U.S.C. Section 3011; and,

P.     That the United States have such further relief as this Court may deem just and proper, including any of the relief set forth in N.C. Gen. Stat. §39-23.7, and its costs herein.

ANNE M. TOMPKINS
United States Attorney

KATHRYN KENEALLY
Assistant Attorney General
Tax Division

/s/ Jonathan D. Carroll
JONATHAN D. CARROLL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Tel/Fax:  (202) 307-6669/(202) 514-6866
Email: Jonathan.D.Carroll@usdoj.gov